***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THERESA M. ELLIS and SCOTT A. ZUKOWSKI, w/h, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. 05-726(FLW) <br> : <br> : **OPINION** |
| v. | : <br> : |
| ETHICON, INC., JOHNSON & JOHNSON, INC., and JOHN DOE(S) | : <br> : <br> : |
| Defendants. | : <br> : |

**WOLFSON, District Judge**:

On March 28, 2008, the Court entered an Order denying in part and granting in part defendant Ethicon, Inc.'s ("Ethicon" or "Defendant") motion for summary judgment and plaintiff Theresa M. Ellis' ("Ellis" or "Plaintiff") motion for partial summary judgment. In particular, the Court found that Defendant failed to engage in the interactive process as required by regulation under the American with Disabilities Act ("ADA"). In the present motion, Defendant moves the Court to reconsider its finding on this issue for two reasons. First, Defendant argues that the Court applied an incorrect legal standard when it held that good faith engagement in the interactive process required Ethicon to physically meet with Plaintiff. Second, Defendant points out that the Court may have overlooked factual evidence that would create genuine issue of material fact as to whether Plaintiff failed to meet her own obligations under the ADA, which, Defendant argues, ultimately led to the breakdown in the interactive process. For the reasons set forth below, the Court grants the motion.

**Background**

As the Court has recounted the undisputed facts of this case in its Summary Judgment Opinion dated March 28, 2008 ("Opinion"), the Court will refer to the facts set forth therein for the purpose of this motion.

**Discussion**

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Lite, N.J. Federal Practice Rules, Comment 6 to L.Civ.R. 7.1 (Gann 2008).  Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(I); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n.12 (D.N.J. 2002).[1]  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F. Supp. 2d at 507.  A motion for such reconsideration must be filed "within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i).  A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of

---

[1] In Interfaith Cmty. Org., the court cited L. Civ. R. 7.1(g) as the provision governing a motion for reconsideration in this district.  On February 24, 2005, however, certain amendments to our Local Rules became effective and reconsideration motions are now governed by L. Civ. R. 7.1(i).

2

law or fact or to prevent manifest injustice.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Indeed, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the Court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(*citations omitted*).

In the Opinion, the Court found that Ethicon failed to properly engage in the interactive process. Indeed, the Third Circuit has explained that "once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability." Taylor v. Phoenixville School Dist., 184 F.3d 296, 311 (3d Cir. 1999) (citations omitted). Adhering to the Third Circuit's requirements, this Court focused on two aspects of the discussions between Ellis and Ethicon, and made findings as a matter of law: the initial discussions, whereby Ethicon, after determining that the restrictions from Ellis' doctors were

unacceptable, failed to engage in the interactive process by not offering alternative recommendations; and the continued discussions between Ellis' attorney, Ms. Nicola Hadziosmanovic, and Ethicon's in-house counsel, Ms. Lisa Warren, whereby the Court found that Ethicon's alleged offer of a part-time position was on a take-it-or-leave basis. These findings together formed the basis of the Court's determination that Ethicon failed to engage in the interactive process in good faith.

For the first determination, the Court reasoned that even after Ethicon received multiple notices of Ellis' condition and her doctor's restrictions, it failed to meet with Ellis to discuss her restrictions. Crucially, the Court found that "even after the last notice from Ellis' doctors [Dr. Watson's recommendations dated October 8, 2001 and Dr. Mahon's letter dated October 11, 2001 ], Ethicon failed to engage in the interactive process. Court's Opinion at p.33. Defendant argues that the Court imposed a requirement of a physical meeting to establish good faith interactive process. The Court disagrees. The Court not only based its finding on the fact that Ethicon failed to meet with Ellis once they received notice from Dr. Watson and Dr. Mahon, the Court also based it on the fact that Ethicon failed to request "information regarding Ellis' condition and the reasons for the doctors' recommendations." Court's Opinion at p. 34. In addition, Ethicon "failed to offer alternatives when it determined that the accommodations were too burdensome." Id. Based on the combination of those factual determinations, the Court found that Ethicon failed to engage in the interactive process during the initial discussions regarding Ellis' accommodations. The legal basis upon which this finding hinged is that "an employer fails to engage in the interactive process as a matter of law where it rejects the employee's proposed accommodations by letter and offers no practical alternatives." Id. Ethicon

4

simply rejected Ellis' recommendations without offering any alternatives. Contrary to Defendant's suggestion, the Court did not, as a matter of law, require employers, such as Ethicon, to have physical meetings with employees in order to fulfill their obligations under the ADA. Instead, the Court found that meeting with employees is merely one way, among others, for employers to engage in the interactive process.

Next, the Court notes that neither party moves for reconsideration of the Court's holding that continuing discussions between attorneys may be considered as a part of the interactive process. See Burke v. Iowa Methodist Medical Center, No. 99-30634, 2001 U.S. Dist. LEXIS 21126, at *17-18 (S.D. Iowa Feb. 22, 2001). Rather, Defendant argues that the Court overlooked evidence which would create a genuine issue of material fact as to whether Ethicon properly engaged in the interactive process during continued discussions between the attorneys. Because Defendant contends that the Court overlooked evidence that may very well change the outcome, the Court will recount the facts in detail of the discussions between the attorneys.

On October 15, 2001, through an email from Kemper, Ellis was advised by Ethicon that she could not be accommodated because the restrictions were permanent, and that she would be rolled over to Long-Term Disability on October 22, 2001. Kemper also advised Ellis that it could not reach her by phone. Thereafter, on October 19, 2001, Ethicon claims that Ellis, through her attorney's letter, continued discussions regarding her restrictions with Ethicon's in-house counsel. According to the Defendant, Ms. Warren had telephone conversations with Ms. Traver, Cindi Harris of Ethicon's Human Resources and Nancy Rudko, who worked with Ethicon's employee benefits. Warren Decl. at ¶ 3. After gathering certain information, on October 31, 2001, Ms. Warren spoke with Ellis' attorney and

5

allegedly offered Ellis a part time job created solely for her in light of her restrictions.  Id. at ¶ 4.  On November 13, 2001, Ms. Warren was advised by Ellis' attorney over the phone that Ellis was not interested in the part time job.  Id. at ¶ 6. During the same conversation, Ms. Hadiosmanovic allegedly stated to Ms. Warren that she would contact Ellis' doctors to try to get revised accommodations.  Id.  Since that date, Ms. Warren stated that she never spoke to Ellis' attorney, nor received any revised restrictions.  Id.  On the other hand, Plaintiff contests the alleged offer of the part time position.

Based on these alleged facts, Defendant contends that it was Plaintiff who failed to engage in the interactive process when she neglected to contact Ms. Warren with revisions from her doctors.  In the Opinion, the Court found that the part time position, if it was indeed offered, was on a take-it-or-leave it basis.  As such, Defendant, nevertheless, failed to engage in the interactive process.  In light of the foregoing fact that Ellis' attorney allegedly promised Ms. Warren that she would contact Ellis' doctors to get revised accommodations, which was not discussed in the original Opinion, the Court shall reconsider its prior decision as this fact may reasonably lead a jury to a different conclusion.[2]

Here, each sides criticizes the other for not participating in the interactive process, which the ADA contemplates that employers and employees will engage in to determine the availability and suitability of reasonable accommodations.  See Whelan v. Teledyne

---

[2]The Court bases its reconsideration on the fact, as set forth in Warren's Declaration, that Ellis' attorney never contacted Ms. Warren after she agreed to obtain revised restrictions from Ellis' doctors; this was overlooked in reaching the decision in the Summary Judgment Opinion.  Because neither counsel highlighted the Warren Declaration in the manner as they did here, the Court overlooked this important fact as presented in this opinion.

Metalworking Products, 226 Fed. Appx. 141, 147 (3d Cir. 2007)("The interactive process requires participation from both parties because each party holds information the other does not have or cannot easily obtain")(quotations and citations omitted). Despite the Court's previous ruling regarding the nature of the part time position, a reasonable jury may find that Ethicon was open to more discussions when Ellis' attorney advised Ms. Warren that she would seek modifications for Ellis' restrictions. As such, a jury may find that it was Ellis that ended the interactive process once she rejected the part time job and failed to provide additional information as promised. If the jury were to reach that conclusion, Ethicon would have satisfied its obligations under the ADA.

Nevertheless, Plaintiff argues that irrespective of the nature of the part time position, an offer of reinstatement after termination cannot, as a matter of law, be considered part of the interactive process because the purpose of the process is to avoid termination. While there could be incidences where an offer of reinstatement was made in bad faith (for example, to ward off litigation), in the present case, there is a genuine issue of material fact as to whether Ms. Warren's efforts were carried out in good faith. Certainly, when viewing the facts most favorable to Defendant, the non-movant, Ms. Warren's actions could be viewed as engaging in the interactive process. Moreover, Plaintiff's reference to termination is based on Ellis' LTD status. However, this process is automatic; in that Ethicon did not affirmatively act to terminate Ellis' position, but rather, allowed Ellis to be rolled into LTD. It might be a different result if Ethicon actively terminated Ellis, and then, in an attempt to ward off litigation, offered her another position. Regardless, such determination is for the jury to decide upon the conclusion of a trial. Similarly, the Court rejects Plaintiff's argument that an offer of a part time position does not demonstrate good faith because it

7

is not comparable.  Pursuant to 42 U.S.C. § 12111(9)(B), reasonable accommodation may include "job restructuring, part-time or modified work schedules . . . ."  42 U.S.C. § 12111(9)(B); see also Burke, 2001 U.S. Dist. LEXIS 2116 at *17.  Thus, by statute, it cannot be determined that it was inappropriate for Ethicon to offer a part time job as a reasonable accommodation to Ellis.

Having made the foregoing findings, the Court reconsiders its prior ruling in the Opinion regarding whether the parties engaged in the interactive process in good faith. This inquiry shall be preserved for the factfinder.  All other aspects of the Opinion remain unchanged.

DATED:  June 2, 2008

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge