***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA M. ELLIS and SCOTT A. ZUKOWSKI, w/h, :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>ETHICON, INC., JOHNSON & JOHNSON, and JOHN DOE(S) jointly, severally and/or in the alternative, :<br>:<br>:<br>:<br>:<br>Defendants. : | Civil Action No.: 05-726(FLW)<br><br>**OPINION** |

**WOLFSON, United States District Judge**:

This matter is before the Court on Defendant Ethicon, Inc.'s ("Defendant" or "Ethicon") motion to stay judgment pending appeal. Specifically, Ethicon seeks to stay this Court's November 16, 2009 and March 1, 2010 orders which, in lieu of front pay, reinstated Plaintiff Theresa Ellis ("Plaintiff" or "Ellis") to her position at Ethicon as a quality engineer and awarded Plaintiff the payment of back wages, attorneys' fees, and costs, respectively. For the reasons stated herein, the Court will deny in part and grant in part Defendant's motion. Defendant is directed to post a supersedeas bond in an amount which reflects Plaintiff's back wages, attorneys' fees and costs, and one-year post judgment interest. However, Defendant's request to stay reinstatement is denied.

1

I.     BACKGROUND

As a detailed factual and procedural background of this case has been extensively set forth in various earlier opinions, the Court shall provide a summary of only facts pertinent to this motion. Plaintiff initiated this action against her employer, Ethicon, for its failure to accommodate her disability in the workplace. After approximately two weeks of trial, the jury found that, with respect to Plaintiff's Americans with Disabilities Act of 1990, 42 U.S.C. §12010 et. seq. ("ADA") claim, that Plaintiff proved that in October 2001, she was substantially limited in cognitive function, and consequently was disabled under the ADA; that Ellis was qualified to perform the integral function of her position as a quality engineer--with or without accommodations; that Ethicon unreasonably failed to provide the accommodations requested by Ellis, or any other reasonable accommodations; and that accommodating Ellis in her job would not have been an undue hardship.

Thereafter, Defendant moved for judgment notwithstanding the verdict, or in the alternative, a new trial, and Plaintiff moved to amend or alter the judgment with respect to damages. On November 16, 2009, the Court awarded Plaintiff back pay, plus prejudgment interest, in the amount of $53,731.31 and ordered Defendant to reinstate Plaintiff's employment at Ethicon as a quality engineer, or a comparable position. In a subsequent Order dated March 1, 2010, the Court also awarded Plaintiff $340,858.85 in attorneys' fees and $37,926.50 in expenses and costs. Defendant appealed both of the Court's Orders and now moves to stay those orders pending appeal.

## II.     DISCUSSION

### A.  Supersedeas Bond

As a preliminary matter, Defendant requests, pursuant to Federal Rule of Civil Procedure 62(d)[1], to post a supersedeas bond in the amount necessary to cover the Court's judgment of back pay, attorneys' fees, and costs and also to include one year of interest at the federal post-judgment rate.  Additionally, Ethicon submits that if the appeal continues beyond the one-year period, the bond may be increased to cover an additional period. Plaintiff offers no argument against the stay of the monetary judgment upon the posting of a supersedeas bond by Defendant.  As such, pursuant to Fed. R. Civ. P. 62(d), the Court directs Defendant to post a supersedeas bond in the appropriate amount.  Upon posting the bond, Plaintiff is enjoined from executing the awards of back pay and attorneys' fees and costs.[2]

### B.  Reinstatement

When evaluating a motion for a stay pending an appeal, the district court must consider:  (1) whether the stay applicant has made a strong showing that he / she is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.   See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).  "[T]he traditional

---

[1]     Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d).

[2]     The posting of the supersedeas bond stays the enforcement of the money judgment only, and has no effect on the enforcement of the injunctive and equitable relief ordered by the court. 11 FEDERAL PRACTICE AND PROCEDURE § 2905 at pg. 519 ("If judgment includes both a money award and the grant or denial of an injunction, a supersedeas stays the money award but not the part of the judgment that deals with injunctive relief")

3

stay factors contemplate individualized judgments in each case," Hilton, 481 U.S. at 777, and accordingly, should not be rigidly applied. Bizzarro v. Ocean County, No. 07-5665, 2009 WL 3817927, at * 1 (D.N.J.  Nov. 16, 2009); see also In re S.A. Holding Co., No. 07-2295, 2007 WL 1598113, at * 1 (D.N.J. May 30, 2007) (citing Hilton, 481 U.S. at 777).

"Where the latter three factors favor a stay, [an applicant] need only demonstrate a substantial case on the merits to warrant issuance of a stay [.]"  Bank of Nova Scotia v. Pemberton, 964 F.Supp. 189, 190 (D.V.I. 1997) (quotations and internal citations omitted) cited in U.S. v. Stuler, No. 08-273, 2010 WL 1985118, at *1 (W.D. Pa. May 4, 2010).  Despite only requiring a showing of a substantial case on the merits, a stay pending appeal has been described by the Third Circuit as an extraordinary remedy.  See United States v. Cianfrani, 573 F.2d 835, 846 (3d Cir. 1978); see also Ace Am. Ins. Co. v. Wachovia Ins. Agency, Inc., No. 08-4369, 2008 U.S. Dist. LEXIS 93686, at *17 (D.N.J. Nov. 18, 2008); FTC v. Equitable Res., Inc., 2007 U.S. Dist. LEXIS 36890, at *4 (W.D. Pa. May 21, 2007); Thompson v. Florida Wood Treaters, Inc., No. 06-224, 2010 WL 3119918, at *3 (D.V.I. Aug. 4, 2010); Adams v. Walker, 488 F.2d 1064, 1065 (7th Cir. 1973).

    1. **Likelihood of Success on the Merits**

Defendant submits that there is a strong likelihood that it will succeed on the merits of its appeal.  In that regard, Defendant argues that there are "substantial issues challenging the jury's finding of liability that were raised on Ethicon's post-trial Rule 50 motion."  Def. Brief in Support at 8.  Further, Defendant maintains that this Court's previous denial of its Rule 50 motion should not weigh against a stay because if that were the case "a stay would never be appropriate."  Id.  In support of its position, Defendant reargues that "when [p]laintiff decided not to further pursue the interactive process, Ethicon was *proceeding in the way that the parties'*

*representatives had agreed to proceed* and was waiting for additional information from [p]laintiff." Id. (emphasis from original). Therefore, Defendant claims, because of Ellis' failure to participate in that process, the jury's judgment in this respect is against the weight of the evidence. As the parties were "proceeding in an *agreed* way" (emphasis from original), Defendant reasons that under the circumstances there is a "strong argument that, as a matter of law, Ethicon cannot be found to have acted in bad faith." Id. at 10.

As this Court described in its March 2009 Opinion, the Third Circuit has defined, with great detail, the requirements of the interactive process. Under the ADA's regulations, "[t]o determine the appropriate reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the [employee] in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 317 (3d Cir. 1999). This determination is further supported by the Equal Employment Opportunity Commission's ("EEOC") interpretive guideline detailed in 29 C.F.R. Pt. 1630, App. § 1630.9 at 359. These two authorities form the foundation for the Third Circuit's rulings on the interactive process. See Taylor, 184 F.3d at 317-18 ("Based on the regulation and interpretive guidelines, we held in Mengine that 'both parties have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith'." (citations and quotations omitted)). Consequently, the circuit is clear that an appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the employee with a disability. Taylor, 184 F.3d at 311 (citations omitted); see generally, Hohider v. UPS, 574 F.3d 169 (3d Cir. 2009). All the interactive process requires is that the employer make a good-faith effort to seek

5

accommodations. Id. at 317. An employer, however, is not liable if the employee fails to supply it with information necessary to devise an appropriate accommodation, or if the employee " 'does not answer the employer's request for more detailed proposals'." Whelan v. Teledyne Metalworking Prods., 226 Fed. Appx. 141, 146 (3d Cir. 2007)(quotations and citations omitted).

At trial, an employee can establish that an employer failed to engage in the interactive process in good faith by showing that: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonable accommodated but for the employer's lack of good faith. Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 772 (3d Cir. 2004)(quotation omitted).

Ethicon takes issue with Plaintiff's proof with respect to the third element, whether Ethicon participated in the interactive process in good faith.[3] In that connection, Ethicon re-submits to the Court evidence that it argues would support the conclusion that Ethicon continued to engage in the interactive process until Ellis ended it by not providing information requested by Defendant. The Court notes that Defendant bears a heavy burden on appeal to prove that the verdict is unsupported by a preponderance of the evidence, and mere disagreement with the jury's determinations is insufficient to sustain Defendant's position. Indeed, the facts surrounding this issue were fully considered by the jury and a finding was made that Ethicon failed to provide Ellis with reasonable accommodations despite having proposed a part-time position. The jury could have found that Ethicon failed to explore alternative accommodations

---

[3] Ethicon argues in a cursory manner that it will likely succeed on the merits of whether Plaintiff had a disability and was qualified for the position she held at Ethicon. Because there was sufficient evidence presented at trial to support the jury's findings, the Court does not find that Ethicon will succeed on the merits of these issues.

that would have enabled Ellis to retain her full-time status, or that by considering the totality of the circumstances, the jury could have found that Ethicon's overall involvement in the interactive process was in bad faith. Although Defendant stresses that it participated in the interactive process in good faith by proposing a part-time position to accommodate Ellis, the Court repeats that "no one aspect of the process is determinative of good or bad faith." See Opinion dated November 13, 2009 at p.16.

Furthermore, Defendant submits that this Court applied the incorrect standard when addressing whether the evidence supported at trial regarding whether a reasonable accommodation existed (fourth element). Relying on testimony from both Plaintiff and Ms. Lesley Travers, Plaintiff's former supervisor, that the proposed accommodations would have required "removing or reassigning to others significant functions of the position, and could ultimately delay launch of the product," Defendant avers that the Court relied on Ms. Travers's stated "willingness" to "consider such accommodations," and "transformed her testimony about what she might have been willing to do into a legal obligation beyond what is imposed by the ADA." Defendant cites the Third Circuit case of Donahue v. CONRAIL, 224 F.3d 226, 232 (3d Cir. 2000), for the proposition that the ADA only requires that an employer provide a reasonable accommodation that would permit the employee to perform the essential functions of the job.

Defendant misconstrues the Court's ruling. Ms. Travers testified that she was willing to accommodate Ellis if the accommodations provided by Ellis' doctors were not permanent. However, no one from Ethicon contacted any of the doctors or Ellis to ascertain the extent of the proposed accommodations. Indeed, Ethicon simply rejected Ellis' accommodations, and it was not until Ellis' attorney contacted Ethicon that the interactive process resumed. As part of the interactive process, Ethicon is obligated to provide reasonable accommodations. Ethicon's

7

perception that the accommodations are impracticable for business purposes does not relieve Ethicon of its obligations to discuss other available and appropriate accommodations. See Canny v. Dr. Pepper, 439 F.3d 894, 903 (8th Cir. 2006); Humphrey v. Memorial Hospitals Assoc., 239 F.3d 1128, 1138 (9th Cir. 2001). Indeed, the jury found that Ethicon did not fulfill its obligation under the interactive process.[4]

In sum, the jury considered and rejected Defendant's positions on this motion. In addition, this Court, upon Defendant's post-trial motions for judgment as a matter of law and for a new trial, found that the jury verdict was supported by substantial evidence. Ultimately, Defendant's proffered reasons for its likelihood of success on appeal are nothing more than a reiteration of the objections and arguments already considered by this Court. Defendant does not provide any case law which would support its assertion that it is likely to succeed on the merits. Although some of the issues appealed are "hotly contested" by Defendant, they are by no means novel. See Marr v. Lyon, 377 F. Supp. 1146, 1148 (W.D. Ok. 1974) (recognizing that where the issues in the case are novel, a party "should be given the benefit of the doubt as to whether [it is] likely to succeed on appeal"). Thus, while Defendant "has provided a list of issues it wishes to raise before the Court of Appeals, it has not made the required 'strong showing that [it] is likely to succeed on the merits.'" Malarkey v. Texaco, Inc., 794 F. Supp. 1248, 1250 (S.D.N.Y. 1992) (quoting Hilton, 481 U.S. at 776).

---

[4] Finally, Defendant argues that the Court's evidentiary ruling with respect to the communications between Plaintiff and her attorneys would allow Defendant to succeed on the merits. The Court remains unconvinced. Defendant claims that it was inconsistent for the Court to instruct the jury that communications between the parties' attorneys were to be treated as if they were directly between the parties, and then find that the jury could have justified plaintiff's failure to provide the requested revised information from her doctor because Ellis believed Ethicon was unwilling to accommodate her disability. Defendant's argument is premised on the faulty logic that providing a part-time position is a reasonable accommodation or that Ellis would have accepted. Indeed, believing that Defendant would not accommodate her, Ellis sought another full-time position at Aventis.

2. **Irreparable Injury**

Next, Ethicon argues that it will face irreparable injury absent a stay from "the need to take action that its appeal may render unnecessary." Ethicon argues that the cost of Plaintiff's salary, or the cost and challenges of creating an unnecessary position to reinstate her, would substantially harm the Company. Specifically, Defendant delineates these harms: "the diversion of limited economic and human resources, employee management issues, the need to reorganize product teams, and the potential delay of product development and launch." Furthermore, Defendant claims that there are no open New Product Development Quality Engineer positions, or comparable positions, at Ethicon's New Jersey facility. Id. at 14. Lastly, Ethicon maintains that "any position to which [P]laintiff might be reinstated would have to match her skills and competencies, which are not the skills and competencies needed by Ethicon today." Id.

The Third Circuit has advised that reinstatement is the preferred remedy to avoid future lost earnings. Maxfield v. Sinclair Int'l, 766 F.2d 788, 796 (3d Cir. 1985); Starceski v. Westinghouse Electric Corp., 54 F.3d 1089, 1103 (3d Cir. 1995); see also Equal Employment Opportunity Commission v. E.I. DuPont De NeMours & Co, 480 F.3d 724, 732 (5th Cir. 2007)(". . . reinstatement is preferred"); Canny v. Dr. Pepper/Seven-Up Bottling Group, 439 F.3d 894 (8th Cir. 2006). It is an obvious form of relief to make the plaintiff whole and to relieve the plaintiff of the effects of discrimination. Ellis v. Ringgold School Dist., 832 F.2d 27, 30 (3d Cir. 1987). Courts recognize that reinstatement may not be feasible in all cases. Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435, 1438-49 (3d Cir. 1985). For example, there may be no position available at the time of judgment or the relationship between the parties may have been so damaged by animosity that reinstatement is impracticable. Maxfield, 766 F.2d at 796; see Donlin v. Philips Lighting N. Am. Corp., 564 F.3d 207, 220 (3d Cir. 2009); Whittlesey v.

Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984); Cancellier v. Federated Department Stores, 672 F.2d 1312, 1319 (9th Cir.) cert. denied, 459 U.S. 859 (1982).  In such circumstances, "the remedial purpose of the statute would be thwarted and plaintiff would suffer irreparable harm if front pay were not available as an alternate remedy to reinstatement."  Whittlesey, 742 F.2d. at 728.

Since reinstatement is an equitable remedy, it is within the district court's discretion to decide whether reinstatement is feasible.  Maxfield, 766 F.3d at 796; Ellis, 832 F.2d at 30; see also Garza v. Brownsville Independent Sch. Dist., 700 F.2d 253 (5th Cir. 1983); Protos v. Volkswagen of America, Inc., 797 F.2d 129 (3d Cir.) (court ordered reinstatement as remedy for violation of Title VII by employer who failed to reasonably accommodate plaintiff's religious practices), cert. denied, 479 U.S. 972 (1986).

While there are certainly costs associated with Defendant reinstating Ellis to her quality engineer position, the Court does not find these costs rise to the level of irreparable harm. "Needless disruption [of Ethicon's business] and administrative inconvenience . . . are not the equivalent of irreparable injury."  Malarkey, 794 F. Supp. at 1250. The key word in this consideration is irreparable.

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a [**6] stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm. . . . Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business.

Wisconsin Gas Co. v. Federal Energy Regulatory Comm., 758 F.2d 669, 674 (D.C. Cir. 1985) (quoting Virginia Petroleum Jobbers Ass'n v. F.P.C., 259 F.2d 921, 925 (D.C. Cir. 1958)). Indeed, Defendant is a large company which is likely accustomed to hiring and accommodating employees as a matter of course, and will not be irreparably injured by reinstating Plaintiff, who

has been found by this Court and the jury to be qualified and capable of returning to work. Malarkey, 794 F. Supp. at 1250. ("A corporation the size of [the defendant], which presumably shifts personnel as a matter of course, will not be irreversible injured by [reinstating] a single, well-qualified employee"). Further, Defendant has the means to recoup wages and benefits paid to Plaintiff should this Court's reinstatement order be reversed on appeal. See Varicon Intern. v. Office of Personnel Mgmt., 934 F. Supp. 440, 448 (D.D.C. 1996) ("'[r]ecoverable economic monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business'" (quotations omitted)).

Furthermore, Plaintiff certifies that there are a variety of available positions at Ethicon, including a most recent notification on June 4, 2010 of an available "Senior Quality / Reliability" position--a position for which Plaintiff asserts she is qualified. See Plaintiff's Opp., Exh. A. While the position Plaintiff found may not or may not be presently available at Ethicon, the Court takes notice that Ethicon continues to hire both new and experienced talent. Furthermore, as the Court and the jury have determined that Ellis is capable of returning to work, the Court does not find persuasive Defendant's reasoning that Plaintiff may not be qualified to work any position at Ethicon due to her five-year absence from the workforce. It would be a grave injustice for Ethicon to violate the ADA and subsequently preclude Plaintiff from working by claiming that Plaintiff is not qualified. Indeed, reinstatement precisely rectifies this type of violation.[5]

---

[5]   Additionally, Defendant argues that the position specified by Plaintiff--Senior Quality / Reliability Engineer--is: (1) at Ethicon's Somerville, New Jersey facility, which requires "significant travel" for Plaintiff; and (2) that the position is below the position level that Plaintiff held at the company in 2001. See Def. Reply at 6. While travel distance may be a concern to Plaintiff, the fact that Plaintiff was qualified and held a *higher* position than the position of Senior Quality / Reliability Engineer is evident that she would be more than qualified to hold a lesser post.

Accordingly, Defendant has failed to demonstrate that the harm is certain and great and of such imminence that there is a clear and present need for a stay of the reinstatement.

### 3. Injuries to Plaintiff

While Ethicon mentions a host of injuries that it would sustain absent a stay, the Court finds that Ellis would suffer substantial harm in comparison to any purported harm to Ethicon if reinstatement were stayed. A stay would only serve to continue Plaintiff's deprivation of the wages and benefits she would have as an Ethicon employee. Further, Plaintiff's means are minuscule in comparison to the resources and capital Defendant has at its disposal to fund this litigation – a grant of a stay would only serve to amplify this inequality of the parties. Finally, the grant of a stay would force Ellis to suffer further anguish and economic hardships. This protracted litigation has persisted for many years. Under such circumstances, to further delay Plaintiff from returning to work, to which a jury concluded she was entitled, is manifestly unfair and may in fact rise to the level of a "substantial injury." Malarkey, 794 F. Supp. at 1251. Therefore, the analysis of this factor clearly weighs in favor of Plaintiff.

### 4. The Public Interest

Ethicon argues that the public interest favors a stay of reinstatement pending appeal, as there is "public interest in ensuring that an appellate court's ability to provide requested relief is not lost while the appeal is being decided." The Court disagrees. Staying execution of the equitable relief awarded Plaintiff is contrary to the public interest. The ADA was enacted to make whole victims of discrimination. See 42 U.S.C. § 12101(b)(1) (the ADA is designed to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities"). As a result, courts are endowed with broad discretion to fashion remedies deemed necessary to fulfill the statute's purposes. To acquiesce in further delays after many

years of litigation would further frustrate the aim of the statute: restoring Plaintiff to a position she otherwise would have occupied. See Id. Moreover, allowing an employer to delay the implementation of equitable relief would discourage future litigants, less resolute than Plaintiff, from seeking redress for what they believe is illegal employment discrimination. Thus, the public interest is undoubtedly better served by Plaintiff's reinstatement to a position she lost due to Defendant's unlawful disability discrimination.

### III.   CONCLUSION

For the reasons set forth above, the Court grants Defendant's request to post a supersedeas bond to cover back pay, attorneys' fees and costs. However, the Court denies Defendant's request for a stay of Plaintiff's reinstatement.

An appropriate Order will follow.


DATED:  September 20, 2010                    /s/       Freda L. Wolfson
                                              The Hon. Freda L. Wolfson
                                              United States District Judge